**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEROME CLARKE, | : | PRISONER CIVIL RIGHTS |
| GDC No. 84959, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-1170-ODE-ECS |
| HOMER BRYSON, et al., | : | |
|     Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Jerome Clarke is a state prisoner serving a life sentence for murder.  See  http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last viewed Apr. 16, 2015; searched for GDC ID "854959").  Since at least 1991, Mr. Clarke has been a prolific filer of frivolous civil actions and appeals, and he is now subject to the filing restrictions set forth in 28 U.S.C. § 1915(g).  See www.pacer.gov (last viewed Apr. 16, 2015; searched for "Clarke, Jerome" in region "11th Circuit") (listing over 50 civil actions and appeals).  See also Clarke v. Donald, No. 1:08-CV-3654-JEC (N.D. Ga. Dec. 18, 2008) (listing "strikes"); Clarke v. Merrell, No. 3:14-CV-125-DHB (S.D. Ga. Dec. 17, 2014) (listing additional "strikes").  Accordingly, Mr. Clarke may no longer "bring a civil action or appeal a judgment in a civil action [in forma pauperis ("IFP")] . . . unless [he] is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

AO 72A
(Rev.8/82)

This matter is before the Court on (1) Mr. Clarke's latest complaint and (2) request for permission to proceed in forma pauperis ("IFP"). See [Doc. Nos. 1 & 2]. Mr. Clarke complains that between April 10, 2011, and April 6, 2015, a number of state employees were involved in "a conspiratory [sic] effort . . . for personal financial gain" to employ "corroded lead water system pipelines" to supply water to the state prison in which he is incarcerated "without notifying Petitioner-Plaintiff" of the "deadly side-effects," and that as a result he has been "drinking, . . . cooking, and bath[ing]" in "rotten poisonousness" that "could lead to [his] death." [Doc. No. 1 at 1-2]. Among other things, Mr. Clarke demands that he be (A) paid $100,000,000.00 and (B) transferred to a different prison immediately. See [id. at 3]. The complaint is devoid of other than conclusory allegations regarding these claims of allegedly deadly water contamination.

Pursuant to federal law, this Court "shall dismiss [a] case at any time of the Court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). "[F]rivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989). In cases brought by prisoners, courts "'not only [have] the authority

2

AO 72A
(Rev.8/82)

to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Id. at 1349 (quoting Neitzke, 490 U.S. at 327). In exercising its discretion, the Court may consider a litigant's history of bringing unmeritorious litigation. Id. at 1350.

Having reviewed and considered Mr. Clarke's allegations, the undersigned concludes that his complaint is fantastic or delusional. This conclusion is further supported by Mr. Clarke's considerable history of frivolous litigation. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** pursuant to § 1915(e)(2)(B)(i).

The undersigned further **RECOMMENDS** that the Court **CERTIFY** that any appeal would not be taken in good faith and that Mr. Clarke is therefore ineligible to proceed IFP on appeal. See 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 20th day of April, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)