IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEROME CLARKE,

                Plaintiff,

v.                                1:15-cv-1170-WSD

HOMER BRYSON, et al.,

                Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [3] ("R&R"), recommending dismissal of this action under 28 U.S.C. § 1915(g). Also before the Court are Plaintiff Jerome Clarke's ("Plaintiff") Motion for Discovery [7], Motion for Order to Show Cause [8], Motion for Joinder of Persons [10], and Motion for Status Report [11].

## I.    BACKGROUND

On April 14, 2015, Plaintiff filed a complaint [1] ("Complaint") and request for permission for proceed *in forma pauperis* [2]. Plaintiff alleges that between April 10, 2011, and April 6, 2015, a number of state employees were involved in "a conspiratory [sic] effort . . . for personal financial gain" to employ "corroded lead water system pipelines" to supply water to the state prison in which he is

incarcerated "without notifying Petitioner-Plaintiff" of the "deadly side-effects," and that, as a result, he has been "drinking, . . . cooking, and bath[ing]" in "rotten poisonousness" that "could lead to [his] death." (Compl. at 1-2). Among other things, Plaintiff demands that he be paid $100,000,000.00 and transferred to a different prison immediately. (Id. at 3). The Complaint is devoid of anything other than conclusory allegations regarding these claims of allegedly deadly water contamination.

On April 20, 2015, the Magistrate Judge issued his R&R. The Magistrate noted that, since at least 1991, "Mr. Clarke has been a prolific filer of frivolous civil actions and appeals, and he is now subject to the filing restrictions set forth in 28 U.S. C. § 1915(g)." (R&R at 1). The Magistrate concluded that Plaintiff's Complaint is "fantastic or delusional," and recommended dismissal. (Id. at 2). He further recommended that the Court certify that any appeal would not be taken in good faith, and that Plaintiff is therefore ineligible to proceed *in forma pauperis* on appeal. (Id.). On May 8, 2015, Plaintiff filed his objections to the R&R. (Obj. [9]). Plaintiff's objections are rambling and incoherent.

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988).

    B.    <u>Analysis</u>

A court "shall dismiss [a] case at any time if the Court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(I).  "[F]rivolous claims include claims 'describing fantastic or

3

delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The Court is not required to consider Plaintiff's rambling and incoherent objections to the R&R. See Marsden, 847 F.2d at 1548. As a result, the Court conducts only a plain error review of the R&R. The Court finds no plain error in the Magistrate's finding that Plaintiff's Complaint is "fantastic or delusional," and thus finds no plain error in his recommendation that this action be dismissed.[1]

Plaintiff's Complaint is also required to be dismissed because Plaintiff has three strikes under Section 1915(g), and Plaintiff therefore was required to pay the full filing and administrative fees at the time he submitted his Complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit."). Plaintiff failed to do so, and has also failed to show that he was in imminent danger of serious physical injury.

---

[1] Because Plaintiff's Complaint is required to be dismissed, the remainder of Plaintiff's motions are denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [7], Motion for Order to Show Cause [8], Motion for Joinder of Persons [10], and Motion for Status Report [11] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**SO ORDERED** this 14th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE